Filed 6/4/24  P. v. Perkins CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>VALENCIA PERKINS,<br><br>        Defendant and Appellant. | F087343<br><br>(Super. Ct. No. F23907412)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Charles J. Lee, Judge.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P. J., Poochigian, J. and Smith, J.

Appellate counsel for defendant Valencia Perkins has filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes a declaration from appellate counsel stating defendant was advised of her right to file a brief of her own with this court. By letter dated March 20, 2024, we also invited defendant to submit additional briefing. Defendant did not file a response.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of the case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL SUMMARY

On October 10, 2023, a complaint was filed charging defendant with second degree robbery (Pen. Code,[1] § 211, a felony; count 1), shoplifting (§ 459.5, subd. (a), a misdemeanor; count 2), and battery (§ 242, a misdemeanor; count 3). Defendant pled not guilty to each charge and denied all other allegations in the complaint the very next day.

Less than one week later, on October 17, 2023, defendant signed and submitted a felony advisement, waiver of rights and plea form. The form showed defendant agreed to plead no contest to count 1, and that the remaining counts and allegations would then be dismissed. The trial court went through the form with defendant when the plea was changed, verifying defendant understood the rights she was relinquishing as a result of the no contest plea to count 1. After defendant actually pled no contest to count 1, both defense counsel and the prosecution stipulated there was a factual basis for the plea pursuant to *People v. West* (1970) 3 Cal.3d 595.

---

[1] All further statutory references are to the Penal Code.

On November 15, 2023, the date set for sentencing, after the trial court asked if defendant wished to be heard, defense counsel indicated she did not. The court then stated defendant was eligible for probation, suspended the imposition of judgment, and placed defendant on formal probation for a term of three years. The court also ordered defendant to serve 106 days in the county jail, with credits of 38 actual days and 38 conduct days, totaling 76 days of credit. Defendant was referred to a work program to complete the balance of the remaining custody time. After going through the various terms and conditions of probation imposed by the court, defendant confirmed she understood and accepted those terms and conditions.

On December 18, 2023, defendant filed a notice of appeal challenging the validity of the plea. While the form indicated that when challenging a plea a defendant must complete the request for a certificate of probable cause, defendant did not in fact provide any information explaining her reasons for challenging the plea. The request for a certificate of probable cause was denied by the trial court.

## **FACTUAL SUMMARY**[2]

On September 3, 2023, employees of a large retail store observed defendant enter the store with several juveniles and take several bottles of liquor off a shelf. An employee then saw defendant place the bottles of liquor underneath her shirt and inside her purse. Several employees tried unsuccessfully to stop defendant and the juveniles as they walked out of the store without paying for the items. One employee managed to take a liquor bottle from defendant. When the store manager tried to take a picture, defendant pushed him and told him to " 'get the hell out of the way.' " Defendant and the juveniles then got into a car and began to reverse but had to stop abruptly to avoid hitting

---

[2]   Because there was no preliminary hearing in this matter, the facts are taken from the probation report.

a security guard who was trying to photograph the vehicle's license plate. When they finally started to drive out of the parking lot, the vehicle hit a parked vehicle.

Store employees later identified defendant in a photo lineup, and an arrest warrant was issued. Defendant was arrested approximately a month later when police responded to an unrelated call.

## DISCUSSION

Having carefully reviewed the entire record, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The trial court's acceptance of the plea and the grant of probation are affirmed.